IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC.,<br><br>Plaintiff,<br>v.<br><br>ULTRADENT PRODUCTS, INC. et al.,<br><br>Defendants. | ORDER DENYING MOTION TO STAY<br><br>Case No. 2:16-cv-316 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

Defendants Ultradent Products, Inc. (Ultradent) and Azena Medical, LLC (Azena) move the court to "stay this action for patent infringement pending the institution and completion of *inter parties* review (IPR) by the United States Patent and Trademark Office" (PTO) for the '097 patent.[1] This matter is referred to the undersigned by Judge Waddoups under 28 USC 636 (b)(1)(A).[2] As set forth below the court DENIES the motion.

## BACKGROUND

This is an action for patent infringement arising under 35 U.S.C. §§ 1 *et seq*. including 35 U.S.C. §271. Plaintiff CAO Group Inc. (CAO) accuses Defendants of infringing or actively inducing the infringement of the '097 and '457 patents.[3] These patents concern "Modular Surgical Laser Systems" that are soft tissue lasers used for the dental industry.[4] The parties have been involved in active settlement negotiations prior to the filing of this case, but despite their best efforts have yet to settle. With no settlement on the horizon CAO filed this action in April of this year. Prior to CAO filing suit Ultradent "shared a draft of its IPR Petition with CAO on

---

[1] Motion p. 1, docket no. 21.

[2] Docket no. 14.

[3] The entire number of the patents at issue are Patent Nos. 8,337,097 and 8,834,457.

[4] Complaint p. 3, docket no. 2.

March 16, 2016."[5] Ultradent seeks cancellation of the "sole independent claim in the '097 Patent on multiple grounds, and this cancellation will likely render the dependent claims of the '097 Patent invalid as well."[6] This case is in its relative infancy. Initial disclosures were served in July and a scheduling order was entered in the first part of August. In addition, the Patent and Trial Appeal Board (PTAB) has not instituted IPR on the '097 Patent and as of the date of this decision no IPR petition has been filed on the '457 Patent.

DISCUSSION

In 2012 the Leahy-Smith America Invents Act (AIA) replaced the former *inter parties* reexamination proceeding with an *inter parties review* (IPR) process.[7] IPR allows a party to bring an adversarial proceeding in the PTO to seek cancellation of one or more claims on grounds of obviousness or novelty.[8] The IPR is designed to further the AIA's goal of "establish[ing] a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."[9]

Once a petition for IPR is filed the patent owner has three months to file a preliminary response to the petition.[10] The PTAB must then decide within three months whether to institute the IPR.[11] The PTAB institutes the IPR if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."[12] If the PTAB

---

[5] Mtn. p. 5.

[6] *Id.* at p. 5-6.

[7] *See* 35 U.S.C. §§ 311-319.

[8] *See id.* §§ 102, 103, 311.

[9] *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012).

[10] *See* 35 U.S.C. § 313; 37 C.F.R. § 42.107(b).

[11] *See* 35 U.S.C. § 314(b).

[12] *Id.* § 314(b).

grants a petition for IPR, the review is conducted before a panel of three trained Administrative Patent Judges of the PTAB.[13] Generally the PTAB must complete its review and render a decision within one year of the institution of the IPR.[14]

To say the IPR process has become popular with patent litigants is an understatement. Based on statistics released by the PTO, the number of IPR petitions filed in 2013 to 2015 has more than tripled from 514 to 1737.[15] It appears that the IPR process has become the best thing since sliced bread to patent practitioners.

Courts have also benefited from the new IPR process because it has helped simplify the often complicated landscape of patent disputes and has resolved many matters without district courts having to hold trials on patent validity. To that end, "Courts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'"[16] This helps to conserve both the resources of the court and the parties because if the IPR petitions result in narrowed claims or invalid patents much of a lawsuit will vanish. A "district court has broad discretion over the control of discovery, and the Tenth Circuit will not set aside discovery rulings absent an abuse of that discretion."[17] Such discretion includes whether or not to stay a case pending IPR proceedings.

In considering a motion to stay pending an IPR, courts generally examine three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will

---

[13] *Id.* § 6.

[14] *See id.* §§ 35 U.S.C. 6(a)-(c), 316(a)(11).

[15] *See* October 2015 AIA Trial Statistics found at http://www.uspto.gov/patents-application-process/appealing-patent-decisions/statistics/aia-trial-statistics (last accessed September 6, 2016).

[16] *Icon Health & Fitness, Inc. v. Park City Entertainment, Inc.*, 2011 WL 5239733 *2 (D.Utah Nov. 1, 2011) (quoting *ACII Corp v. STD Ent. USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D.Cal. 1994); *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, *2 (S.D.N.Y. Aug. 10, 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings.").

[17] *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-1215, 2014 U.S. Dist. LEXIS 9213, *2 (D. Utah Jan. 24, 2014) (citing *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cit. 2010)).

simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.[18] Recently the Federal Circuit in *VirtualAgility v. Salesforce.com* also noted the practical application of a fourth factor – whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the court.[19]  In this same decision, which was an appeal of a district court's denial to stay an action pending CBM review, the court stated that while "a motion to stay could be granted even before the PTAB rules on a port-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted."[20]

Here, Defendants argue that all three factors weigh heavily in favor of a stay.  First the case is just beginning, which favors a stay.  Although the PTAB has yet to grant the IPR Petition, courts including this one in *Murata Mach. USA, Inc. v. Daifuku Co.*,[21] have granted stays pending a decision on the IPR Petition.  Defendants urge the undersigned to take the same approach.  Second, a stay will simplify the case because IPR Proceedings on the '097 Patent will impact not only that patent but also the '457 Patent, which is part of this case.  Finally, Defendants argue a stay will not prejudice CAO.  Any "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'"[22]

In response Plaintiff offers two primary arguments.  First, because the IPR only challenges one of the patents at issue in this case then a stay should not be entered because any

---

[18] *Buttercup Legacy LLC v. Michilin Prosperity Co.*, 2012 WL 1493947 *1 (D.Utah Apr. 27 2012) (granting motion to stay pending reexamination).

[19] *See VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1310 (Fed. Cir. 2014).

[20] *Id.* at 1315.  CBM stands for covered business method.  The post-grant review process of CBM patents is sufficiently similar to technological invention patent review via IPR that the Federal Circuit's decision is applicable to the instant matter.

[21] 2015 WL 5178456 (D.Utah Sept. 4, 2015)

[22] *Larson Archery Co. v. Mathews, Inc.,* 2013 WL 129472 *2 (D.Utah Jan. 10, 2013) (quoting *Pool Cover Specialists Nat'l Inc. v. Cover-Pools Inc.*, 2009 WL 2999036 *2 (D.Utah Sept. 18, 2009) (internal quotation marks and citation omitted)).

4

efficiencies gained are minimal. And second, a stay would prejudice CAO's right to have its claims timely heard.

At first glance a brief review of the factors does lean toward granting a stay. This case is just beginning, the likelihood of simplifying issues in this case is good and any prejudice to CAO is limited. The undersigned, however, is reluctant to grant a stay when the PTO has yet to initiate IPR Proceedings. A premature granting of a stay does not, in the court's opinion, allow for a full thorough review of the factors especially because any benefits from a stay are at best conjecture at this time. Such an approach is not disfavored by the Federal Circuit and the court is persuaded by a recent decision from the Eastern District of Texas. In *Trover Group, Inc. v. Dedicated Mircros USA*,[23] the court considered whether to enter a stay before the PTAB granted the petition for review. That court stated:

> Since the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending CBM review or inter partes review. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review.[24]

---

[23] 2015 WL 1069179 (E.D. Texas March 11, 2015).

[24] 2015 WL 1069179, at *5. *See, e.g., Card–Monroe Corp. v. Tuftco Corp.*, No. 1:14–cv–292 (E.D.Tenn. Feb. 19, 2015); *Aquatic AV, Inc. v. Magnadyne Corp.*, No C 14–1931 (N.D.Cal. Jan. 13, 2015); *In re Transdata, Inc. Smart Meters Patent Litig.*, No. 12–ml–2309 (W.D.Okla. Jan. 6, 2015); Sage Electrochromics, Inc. v. View, Inc., No. 12–cv–6441, 2015 WL 66415 (N.D.Cal. Jan. 5, 2015); *Mimedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA–14–CA–719 (W.D.Tex. Jan. 5, 2015); *MyMedicalRecords, Inc. v. Jardogs*, LLC, No. 2:13–cv–3560 (C.D.Cal. Dec. 16, 2014); *Kerr Corp. v. Ultradent Prods., Inc*., No. SACV 14–236 (C.D.Cal. Nov. 13, 2014); Aylus Networks, Inc. v. Apple, Inc., No. C–13–4700, 2014 WL 5809053 (N.D.Cal. Nov. 6, 2014); *Skky, Inc. v. Manwin USA, Inc., Civil* No. 13–2086 (D.Minn. Oct. 29, 2014); *Capella Photonics, Inc. v. Cisco Sys., Inc.,* No. C–14–3348 (N.D.Cal. Oct. 14, 2014); *RealD, Inc. v. MasterImage 3D, Inc*., No. CV 14–2304 (C.D.Cal. Oct. 12, 2014); *Unwired Planet, LLC v.Square, Inc*., No. 3:13–cv–579, 2014 WL 4966033 (D.Nev. Oct. 3, 2014); CANVS Corp. v. United States, 118 Fed. Cl. 587 (2014); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 1312418, 2014 WL 4804738 (D.Mass. Sept. 25, 2014); *Fontem Ventures, B.V. v. NJOY, Inc*., No. CV 14–1645 (C.D.Cal. Sept. 24, 2014); Audatex N. Am. Inc. v. Mitchell Int'l Inc., No. 13–cv–1523, 2014 WL 4546796 (S.D.Cal. Sept. 11, 2014); Straight Path IP Grp., Inc. v. Vonage Holdings Corp., Civil Action No. 14–502, 2014 WL 4271633 (D.N.J. Aug. 28, 2014); Netlist, Inc. v. Smart Storage Sys., Inc., No. 13–cv–5889, 2014 WL 4145412 (N.D.Cal. Aug. 21, 2014); Malibu Boats, LLC v. Nautique Boat Co., No. 3:13–cv–656, 2014 WL 3866155 (E.D.Tenn. Aug. 6, 2014); *CTP Innovations, LLC v. V.G. Reed & Sons, Inc*., No. 3:14–cv–364 (W.D.Ky. July 17, 2014); CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc., No. 13–cv–5669, 2014 WL 2854656 (S.D.N.Y. June 20, 2014); *Power Survey, LLC v. Premier Utility Servs., LLC*, No.

The undersigned is convinced the better approach is to deny a stay request pending a decision on the IPR Petition. Once the PTAB determines whether to accept the IPR Petition for review then the parties may readdress the issue of a stay.

ORDER

For the reasons set forth above the court DENIES the Motion to Stay Pending *Inter Partes* Review.[25]

DATED this 7 September 2016.

Brooke C. Wells
United States Magistrate Judge

---

2:13–cv–5670 (D.N.J. June 4, 2014); *Segin Sys., Inc. v. Stewart Title Guar. Co.*, No. 2:13–cv–190, 2014 WL 1315968 (E.D.Va. Mar. 31, 2014); *Rensselaer Polytechnic v. Apple Inc.*, No. 1:13–cv–633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13–cv–346, 2013 WL 6044407 (W.D.Wis. Nov. 14, 2013); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civil No. 12–2730, 2013 WL 4483355 (D.Minn. Aug. 20, 2013); *Derma Scis., Inc. v. Manukamed Ltd.*, Civil Action No. 12–3388, 2013 WL 6096459 (D.N.J. July 18, 2013); *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, Civil Action No. 12–801, 2013 WL 3296230 (D. Del. June 28, 2013); *Davol, Inc. v. Atrium Med. Corp.*, Civil Action No. 12–958, 2013 WL 3013343 (D. Del. June 17, 2013); *Automatic Mfg. Sys., Inc. v. Pimera Tech., Inc.*, No. 6:12–cv–1727, 2013 WL 1969247 (M.D.Fla. May 13, 2013); *Tric Tools, Inc. v. TT Techs., Inc.*, No. 12–cv–3490, 2012 WL 5289409 (N.D.Cal. Oct. 25, 2012).

[25] Docket no. 21.